No. 23-3840

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Nov 30, 2023
KELLY L. STEPHENS, Clerk
```

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff-Appellee, )<br>)<br>v. )<br>)<br>ALEXANDER SITTENFELD, aka P.G. Sittenfeld, )<br>)<br>    Defendant-Appellant. ) | O R D E R |

Before: CLAY, GIBBONS, and LARSEN, Circuit Judges.

Defendant Alexander "P.G." Sittenfeld moves for bond pending appeal of his convictions for federal-programs bribery and attempted extortion under color of official right. We deny the motion.

Sittenfeld was an elected member of the Cincinnati, Ohio, City Council. His longtime friend and local real estate developer Chinedum Ndukwe connected Sittenfeld to "Rob," an undercover FBI agent posing as an out-of-state developer interested in partnering with Ndukwe on a local project that required Council approval. After a series of calls and meetings with Rob, Sittenfeld accepted $20,000 in contributions to a Political Action Committee set up for his planned mayoral campaign.

A grand jury indicted Sittenfeld on several charges of official corruption, including federal-programs bribery in violation of 18 U.S.C. § 666 (Count 3) and attempted Hobbs Act extortion under 18 U.S.C. § 1951 (Count 4). The government argued that Sittenfeld understood the

payments to be in exchange for his support of the development project, but Sittenfeld claimed that he believed them to be legitimate political donations. After an eleven-day trial, a jury convicted Sittenfeld on Counts 3 and 4 and acquitted on the remaining four counts. The district court sentenced him to concurrent terms of sixteen months in prison. Sittenfeld appeals and moves for bond pending appeal.

"[A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal[,] . . . [must] be detained" unless a judicial officer concludes, among other things, that the appeal "raises a substantial question of law or fact" that is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(A)–(B). "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way" and when the question "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Sutherlin*, 84 F. App'x 630, 631 (6th Cir. 2003) (order) (alteration in original) (quoting *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)).

Sittenfeld first argues that there was insufficient evidence to convict him of either charge. We review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the prosecution and asking whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Bauer*, 82 F.4th 522, 529 (6th Cir. 2023) (quoting *United States v. Matthews*, 31 F.4th 436, 446 (6th Cir. 2022)).

At this juncture, based upon our review of the record, we do not believe that Sittenfeld's sufficiency challenge presents a substantial question. Sittenfeld argues that the evidence is

insufficient as a matter of law because the Supreme Court held in *McCormick v. United States*, 500 U.S. 257, 271 (1991), that bribery or extortion involving campaign contributions requires proof of an "explicit *quid pro quo*." Sittenfeld interprets this to mean an "*unambiguously* corrupt bargain," and he contends that the government's *evidence* is therefore legally insufficient if it admits of "an explanation sounding in ordinary politics." But this argument misunderstands the judicial role in a sufficiency-of-the-evidence challenge. Our role is not to "independently weigh the evidence" and consider whether the jury reasonably could have taken a *different* view of it, but rather to determine "whether a rational trier of fact could return a guilty verdict." *United States v. Paulus*, 894 F.3d 267, 275 (6th Cir. 2018) (cleaned up). Here, we conclude that Sittenfeld has not raised a substantial question as to whether a rational jury could have found that Sittenfeld "agreed to accept things of value in exchange for official acts." *United States v. Terry*, 707 F.3d 607, 614 (6th Cir. 2013). The jury was not required to accept a plausible, alternative "legitimate explanation" for Sittenfeld's conduct; rather, in light of the evidence before it, it could reasonably conclude that Sittenfeld and Rob had entered into an agreement with clearly and unambiguously defined terms. *Id.* at 615; *see also United States v. Inzunza*, 638 F.3d 1006, 1013 (9th Cir. 2011) ("*McCormick* requires . . . that the *quid pro quo* be clear and unambiguous, leaving no uncertainty about the terms of the bargain." (citation omitted)). Sittenfeld's proposed standard would effectively preclude a jury from convicting on campaign-contribution corruption offenses *whenever* a plausible, alternative explanation of the evidence exists. But we have repeatedly recognized that a defendant's *intention* to enter into a corrupt bargain will turn otherwise innocent political conduct into a crime. *See United States v. Inman*, 39 F.4th 357, 365 (6th Cir. 2022) ("To determine whether an agreement crossed the line into illegality, 'motives and consequences, not formalities' govern." (citation omitted)); *Terry*, 707 F.3d at 613 ("[T]he prosecution may rebut

that alternative explanation, and context may show that an otherwise legitimate contribution is a bribe."). And "matters of intent," of course, "are for the jury to consider." *McCormick*, 500 U.S. at 270.

In his second argument, Sittenfeld argues that the government constructively amended the indictment in violation of his due process rights. *See United States v. Combs*, 369 F.3d 925, 935–36 (6th Cir. 2004) (discussing impermissible amendments and variances to the indictment). We need not address the merits of this argument, however, because even if this argument is successful on appeal, it will only implicate his conviction on the federal-programs bribery count, not the Hobbs Act count.

The reason for allowing bond pending appeal is "that a defendant should not be imprisoned under a legally erroneous sentence." *United States v. Powell*, 761 F.2d 1227, 1233 (8th Cir. 1985) (en banc); *see Pollard*, 778 F.2d at 1182. Thus, even a high probability of reversal or a new trial on fewer than all counts of conviction is insufficient to justify bond pending appeal "if one count imposing imprisonment survives." *Powell*, 761 F.2d at 1233. Because Sittenfeld was sentenced to concurrent terms on each count, and because his constructive amendment argument is applicable to only one of them, success on appeal would not shorten his prison term. For this reason, bond is not warranted. *See Morison v. United States*, 486 U.S. 1306 (1988) (Rehnquist, C.J., in chambers); *United States v. Zackert*, 780 F.2d 1024 (6th Cir. 1985) (table) (order).

Accordingly, the motion for bond pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk