No. 23-3840

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
May 15, 2024
KELLY L. STEPHENS, Clerk
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff-Appellee, ) | |
| ) | |
| v.   ) | O R D E R |
| ) | |
| ALEXANDER SITTENFELD, aka P.G. Sittenfeld, ) | |
| ) | |
|     Defendant-Appellant. ) | |

Before: BUSH, NALBANDIAN, and MURPHY, Circuit Judges.

**PER CURIAM.** Defendant Alexander "P.G." Sittenfeld moved for release pending appeal. R. 295. The district court denied that motion at Sittenfeld's sentencing hearing. R. 302, Sent'g Tr., p. 117, PageID 7507. A motions panel of this court agreed. D. 21, Order. At oral argument, Sittenfeld's counsel renewed his request for release pending appeal.

We revisit Sittenfeld's motion in light of the full briefing and argument that were not available to the motions panel. 18 U.S.C. § 3143(b) permits release pending appeal when the court finds the defendant is not a flight risk, does not pose a danger to the safety of others, and raises an appeal that "is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal or a new trial. The district court determined that Sittenfeld was not likely to flee or pose a threat, so "it all [came] down to" whether there was a substantial question on appeal. R. 302, pp. 115–16, PageID 7505–06. On that question, the district court seemed to think it was not "likely" to be reversed. *Id.* at 117, PageID 7507. We review the district court's evaluation of

the legal merits de novo. *United States v. Freeman*, 42 F. App'x 808, 809 (6th Cir. 2002) (citing *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)).

The district court found that Sittenfeld failed to show that the court would likely be overturned on appeal. *See* R. 302, p. 117, PageID 7507. But section 3143(b) does not require a court to think reversal is probable or likely. *See Pollard*, 778 F.2d at 1181–82. Rather, it must be likely that success on appeal, on the substantial question that the defendant raises, would result in reversal or a new trial. *Id.* at 1182. As to the substantial question, the appeal has to present "a close question or one that could go either way." *United States v. Sutherlin*, 84 F. App'x 630, 631 (6th Cir. 2003) (quoting *Pollard*, 778 F.2d at 1182). After reviewing the briefs and hearing oral argument, we are persuaded that the standard for release pending appeal is met, though we express no opinion on the ultimate outcome of Sittenfeld's appeal.

We **GRANT** Sittenfeld's renewed motion for release pending appeal. Sittenfeld shall be released on his own recognizance forthwith under the conditions of release that the district court previously imposed. *See* R. 10, Order.

        ENTERED BY ORDER OF THE COURT

        Kelly L. Stephens, Clerk